Department of Justice
Office of the United States Trustee
1100 Commerce, Room 976
Dallas, Texas 75242
(214) 767-8967
(214) 767-8971 (Fax)
Lisa.L.Lambert@usdoj.gov

Lisa L. Lambert
Assistant U.S. Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## LUBBOCK DIVISION

| | | |
|---|---|---|
| JONATHON ADAM ADAMCIK | ' | Bankr. No. 18-50152- RLJ |
| | ' | Chapter 7 |
| Debtor(s). | ' | |
| | ' | |
| WILLIAM T. NEARY, | ' | |
| UNITED STATES TRUSTEE, | ' | |
|     Plaintiff(s), | ' | Adv. No. |
| v. | ' | |
| JONATHON ADAM ADAMCIK, | ' | |
|     Defendant(s). | ' | |

**UNITED STATES TRUSTEE'S COMPLAINT
OBJECTING TO DISCHARGE UNDER 11 U.S.C § 727**

TO THE HONORABLE ROBERT L. JONES,
UNITED STATES BANKRUPTCY JUDGE:

    William T. Neary, in his capacity as the United States Trustee for Region 6, respectfully represents:

### FILING FEE

    1.    The United States Trustee is not required to submit a fee because "no fees under this [Bankruptcy Court Miscellaneous Fee] schedule shall be charged to federal agencies."

*Bankruptcy Court Miscellaneous Fee Schedule, Appendix to 28 U.S.C. sec. 1930.*

## JURISDICTION, STANDING, AND TIMING

2. The Court has subject matter jurisdiction over bankruptcy cases as well as the power to resolve discharge complaints, which are core proceedings. 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the Standing Order of Reference (defining subject matter jurisdiction); 28 U.S.C. §157(b)(2)(J) (defining core matters).

3. The United States Trustee has standing to file a discharge complaint. 11 U.S.C. §727(c)(1).

4. The deadline for filing discharge complaints is October 19, 2020, so this complaint is timely-filed.

## PARTIES

5. The plaintiff is William T. Neary, the United States Trustee for Region 6.

6. The defendant is Jonathon Adam Adamcik ("Adamcik" or "Debtor"), the debtor in this case.

7. While not a party to this lawsuit, Myrtle McDonald is the chapter 7 trustee in this case ("Chapter 7 Trustee").

## FACTUAL ALLEGATIONS

**Procedural Bankruptcy History:**

8. Adamcik has experience with the bankruptcy process because he filed a prior chapter 7 bankruptcy and received a discharge in case number 97-51412. *Order of Discharge, docket entry 13, entered 03/23/1998.*

9. On June 1, 2018, Adamcik filed a voluntary petition under chapter 13 of the Bankruptcy Code.

10. At the time of his Lubbock bankruptcy filing, the Debtor had worked for three years as a Senior Energy Market Operator for the City of Denton, earning over $100,000 per year and reporting an Argyle, Texas homestead. *Schedule A, J, Docket No. 11; filed 06/21/2018.*

11. The Debtor divorced before bankruptcy, and the divorce decree provides that Adamcik receives half of any post-closing equity.

12. The chapter 13 case was dismissed for failure to file the schedules and statement of financial affairs timely, but then the Court granted the Debtor's motion to reinstate. *Order Reinstating Case, Docket No. 20, entered 06/25/2018.*

13. On October 4, 2018, the Court entered an amended order confirming the Debtor's chapter 13 plan. *Amended Order, Docket Entry 43, entered 10/04/2018.*

14. A year later the plan was amended based on the standing chapter 13 trustee's report and recommendation concerning claims. *Order Approving Modified Plan After Confirmation, Docket No. entered 10/23/2019.*

15. Three months later, on January 20, 2020, the standing chapter 13 trustee reported that the Debtor owed approximately $1,500 in arrears attributable to the mortgages on his $450,000 home in Argyle, Texas.

16. On July 3, 2020, the Debtor filed a notice of voluntary conversion to chapter 7, and on July 7, 2020, the court entered an order converting the case to chapter 7 as of the date of the notice. *Docket Nos. 70 and 71.*

17. During the chapter 7 creditors' meeting, both Myrtle McDonald, the chapter 7 trustee, and Brad Perdue, the United States Trustee's representative, separately asked Adamcik if he had reviewed his schedules and statements of financial affairs, if he had listed all his assets and liabilities, if the documents were correct, and if he needed to make any corrections to his

schedules or statement of financial affairs.

18. The Debtor twice averred that the documents were complete and did not require amendment.

**The Undisclosed Lubbock Home Acquisition:**

19. The Lubbock County deed records reflect that on September 14, 2018 –more than three months into his chapter 13 bankruptcy but before he confirmed his case -- the Debtor purchased 8216 Chicago Avenue, Lubbock, Texas (the "Lubbock Home").

20. The Lubbock Home has four bedrooms and two baths.

21. On information and belief based on the deed records and payments, the sale was owner-financed.

22. Acquiring a new home and financing before bankruptcy confirmation – at a time when there was a bankruptcy estate with no question of property re-vesting -- would be out of the ordinary course of business, so these transactions would require notice to the standing chapter 13 trustee and creditors as well as court approval. *11 U.S.C. §363*.

23. The Debtor did not seek court approval to acquire this home during his 13 bankruptcy.

24. The Debtor did not amend his budget or schedules to reflect the acquisition of the Lubbock Home.

25. Shifting from the chapter 13 to the chapter 7, the transaction remained undisclosed.

26. During the August 18, 2020, chapter 7 341 meeting, in response to direct questioning about the Lubbock Home, the Debtor conceded that his name and signature were on the deed of trust.

27. He also conceded that he had lived in the Lubbock Home for some period of time after acquiring it.

28. The Debtor attested the Lubbock Home was a lease-to-own acquisition.

29. At one point during the creditors' meeting, he contended his daughter was buying the property.

30. At another point, the Debtor contended the four-bedroom Lubbock Home was acquired for his son of the same name who was attending Texas Tech and that his son was paying the loan.

31. The 2019 tax return-- filed in 2020 – lists the Lubbock Home as the Debtor's home address.

32. The Texas Tech Federal Credit Union statements list the Lubbock Home as the Debtor's home address.

33. The Prosperity Bank statements list the Lubbock Home as the Debtor's home address.

34. On July 21, 2020, the Debtor filed his Notice of Executory Contracts and Unexpired Leases Entered Into After Bankruptcy and averred that he had none to report, so he did not report a lease to own. *Docket No. 77.*

35. In response to the Statement of Financial Affairs Question regarding property held for another, the Debtor answered "none" and has not amended the answer.

36. On October 1, 2020, the Debtor amended his Schedules A, B, and C, but he did not disclose the Lubbock Home.

37. Under 11 U.S.C. §348(d), after conversion to chapter 7, debts incurred during a chapter 13 filing but before conversion become subject to the stay and discharge, but here the

Debtor has not complied with local bankruptcy rule 1019-1(a) by adding the mortgage holder to the matrix.

**The Undisclosed Severance or Layoff Agreement and Payment**

38. On April 18, 2020, the Denton Record Chronicle reported that the City of Denton had a budget shortfall as a result of Covid-19 and that the upcoming week, the week of April 20, Denton would offer voluntary separation agreements to employees who were considering job changes or retirement and that layoffs could begin May 11, 2020.

https://dentonrc.com/news/layoffs-possible-to-meet-budget-shortfall-at-denton-city-hall/article_c7056e5a-71e7-5b43-b59f-0a7fe886e5a8.html.

39. On July 21, 2020 – when he filed his Notice of Executory Contracts and Unexpired Leases Entered Into After Bankruptcy on July 21, 2020 – the Debtor did not disclose any type of agreement with the City of Denton. *Docket No. 77*.

40. Ten days later -- on July 31, 2020 – two weeks before the chapter 7 creditors' meeting -- the Debtor received two payroll deposits from the City of Denton: one in the amount of $39,434.69 and the other in the amount of $12,854.04.

41. During the August 18, 2020, creditors' meeting the Debtor testified that he had no income because he had been laid off by the City of Denton.

42. He did not disclose severance of layoff payments received only two weeks earlier.

**The Undisclosed Payments from Robert A. Schoolcraft**

43. While his chapter 13 bankruptcy was pending, the Debtor received $24,000 in $1,000 increments from Robert A. Schoolcraft.

44. Schoolcraft is not listed as a party to an executory contract or a party to a lease.

45. These $1,000 payments were not listed as an ongoing income source in the

Schedule of Income.

## COUNT I – FALSE OATH

46. The United States Trustee incorporates each of the preceding paragraphs, including paragraphs 1 through 45, by reference.

47. The Bankruptcy Code provides that the Court shall grant the debtor a discharge unless a debtor knowingly and fraudulently, in or in connection with the case made a false oath or account. 11 U.S.C. §727(a)(4)(A).

48. The elements are as follows:

   a. The debtor made a . . . statement under oath;

   b. The statement was false;

   c. The debtor knew the statement was false;

   d. The debtor made the statement with fraudulent intent; and

   e. The statement was material to the bankruptcy case.

*Sholdra v. Chilmark Fin. LLP* (*In re Sholdra*), 249 F.3d 380, 382 (5th Cir. 2001) (citing *Beaubouef v. Beaubouef* (*In re Beaubouef*), 966 F.2d 174, 178 (5th Cir. 1992)).

49. Section 727(a)(4)(A) "ensure[s] that debtors provide sufficient reliable information to those with an interest in the debtor's affairs, since complete disclosure is essential to the proper administration of the bankruptcy estate." *Benchmark Bank v. Crumley (In re Crumley)*, 2010 Bankr. LEXIS 1067, *6 (Bankr. N.D. Tex. Apr. 8, 2010).

50. Information that superficially appears to be unimportant may lead to the discovery of other assets and therefore is necessary to the transparency of the bankruptcy process. *Beaubouef v. Beaubouef (In re Beaubouef),* 966 F.2d 174, 177-78 (5th Cir. 1992)(analyzing materiality of non-disclosure).

51. Disclosing the value of exempt assets accurately facilitates a full understanding of a debtor's financial circumstances so parties-in-interest can evaluate abuse under section 707(b).

52. Moreover, in *Reed v. City of Arlington,* the Fifth Circuit, en banc, held that failing to disclose an asset may estop a debtor from claiming an exemption in the asset once it is uncovered.

53. "Circumstantial evidence may be used to prove fraudulent intent, and the cumulative effect of false statements may, when taken together, evidence a reckless disregard for the truth sufficient to support a finding of fraudulent intent" *Cadle Co. v. Duncan (In re Duncan)*, 562 F.3d 688, 695 (5th Cir. 2009). The number and frequency of omissions can be evidence of recklessness. *In re Peres*, 2007 Bankr. LEXIS 3124, *21 (Bankr. N,D. Tex. 2007).

54. Adamcik made statements under oath in connection with his schedules, statement of financial affairs, and creditors' meeting testimony.

55. The statements -- including statements relating to current income, expenses, leases, and executory contracts ownership were false.

56. Adamcik knew they were false.

57. The pattern of systematic concealment of Adamcik's interests in assets shows a lack of candor with the court.

58. The nature, variety, and frequency of these mistakes demonstrates reckless disregard to the accuracy of the information required by the schedules and the defects are tantamount to an intent to deceive.[1]

---

[1] *See e.g. The Cadle Company v. Mitchell* (*In re Mitchell*), 102 Fed. Appx. 860 (5th Cir. 2004), *United States Trustee v. Moschella*, (*In re Moschella*), Adv. No. 04-4055 (Unpublished Memorandum Opinion, (Bankr. N.D. Tex. 2004)*, Beaubouef v. Beaubouef* (*In re Beaubouef*), 966 F.2d 174 (5th Cir.1992).

59. Adamcik intended to keep the property from his creditors and financial information from the trustee.

60. Reasons the statements were material include that disclosing the information fosters the ability to trace assets and evaluate income.

61. Adamcik's discharge should be denied under 11 U.S.C. §727(a)(4)(A).

## COUNT II – CONCEALMENT OF PROPERTY OF THE ESTATE

62. The United States Trustee re-alleges the preceding paragraphs, including 1 through 61, by reference.

63. Under §541(a)(2), property of the estate consists of "all interests of the debtor." 11 U.S.C. § 541(a)(2) (2010). During the chapter 13, property of the estate also included, "all property of kind specified [in section 541] . . . that the debtor acquires after the commencement of the case but before the case is . . . converted." 11 U.S.C. §1306(a)(1).

64. During this bankruptcy case, Adamcik has concealed property of the estate such real estate and income.

65. The property belonged to Adamcik.

66. The property was concealed with the actual intent to "hinder, delay, or defraud a creditor or officer of the estate."

67. Adamcik's discharge should be denied under under 11 U.S.C. §727(a)(2)(B) because Adamcik concealed assets of the estate after the filing of bankruptcy. *In re Laughlin*, 602 F.3d 417, 421 (5th Cir. 2010) (quoting *Cadle Co. v. Pratt (In re Pratt)*, 411 F.3d 561, 565 (5th Cir. 2005) (quoting *Pavy v. Chastant (In re Chastant)*, 873 F.2d 89, 90 (5th Cir. 1989)).

## COUNT III – CONVERISION IN BAD FAITH AND ESTOPPEL

68. The United States Trustee re-alleges the preceding paragraphs, including 1

through 67, by reference.

69. Debtors have a continuing duty to disclose, especially prior to chapter 13 confirmation, but even after. *Flugence v. Axis Surplus Ins. Co,* 738 F.3d 126 (5th Cir. 2013) (per curiam).

70. Cumulatively, the Debtor's failure to disclose assets, agreements, and income establishes bad faith that was uncovered through independent factual research and discovery.

71. The Debtor is judicially estopped from exempting undisclosed assets. *Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011) (en banc).

72. Because the Debtor converted in bad faith, the property of the estate should include the Lubbock property, any undisclosed severance or layoff payment, and the aggregate amount of wire transfers from Robert A. Schoolcraft. *11 U.S.C. §348(f)*.

## COUNT IV – ALTERNATIVELY, DISMISSAL WITH PREJUDICE

73. The United States Trustee re-alleges paragraphs 1-72 and incorporates them by reference.

74. Alternatively, because the Debtor failed to disclose income, expenses, and assets, the Court should dismiss the Debtor's case for abuse based on bad faith. 11 U.S.C. §707(a); *Krueger v. Torres (In re Kruger)*, 812 F. 3d 365 (5th Cir. 2016).

75. Dismissal should be with prejudice to re-filing for two years.

**Conclusion**

Wherefore, the United States Trustee requests that the Court enter a judgment:

    A.    Denying Adamcik's discharge;

    B.    Determining that the undisclosed property acquired in 13 is property of the bankruptcy estate;

    C.    Alternatively, dismissing the case with prejudice to re-filing for two years; and

    D.    Granting further proper relief.

Dated: October 19, 2020        WILLIAM T. NEARY
                                    UNITED STATES TRUSTEE

                                    */s/ Lisa L. Lambert*_____
            By:    Lisa L. Lambert
                    Assistant U.S. Trustee,  TX 11844250 (and NY)
                    1100 Commerce, Room 976
                    Dallas, TX  75242
                    (214) 767-1080; Fax (214) 767-8971